

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00539-CR

JOSHUA MICHAEL SMITH            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Joshua Michael Smith appeals the trial court's judgment adjudicating him guilty of possession of more than one gram of cocaine in a drug free zone and sentencing him to seven years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in her professional opinion, the appeal is frivolous. Counsel's brief

---

[1]*See* Tex. R. App. P. 47.4.

and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). We gave appellant an opportunity to file a pro se brief, but he has not done so. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. The record shows that after the trial court adjudicated appellant's guilt, it did not include in its oral pronouncement of sentence any mention of reparations. Yet, after this appeal was perfected, the trial court signed a nunc pro tunc order amending the special findings section of the judgment to include the following: "reparations in the amount of $2,836.00." Because the trial court did not orally pronounce reparations as part of appellant's sentence, that special finding must be deleted from the judgment. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004); *Smith v. State*, No. 02-11-00295-CR, 2012 WL 2036467, at *2 (Tex. App.—Fort Worth June 7, 2012, no pet.) (mem. op., not designated for

publication).

Except for the modification to the judgment described above, we agree with counsel that the appeal is wholly frivolous and without merit; we find nothing else in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw. We modify the judgment (as amended by the nunc pro tunc order) to delete "reparations in the amount of $2,836.00." We affirm the remainder of the trial court's judgment as modified.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 30, 2013